UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO TAVERAS,<br><br>                      Plaintiff,<br><br>-against-<br><br>H & W DELI GROCERY, INC., and PEDRO SANTANA, individually,<br><br>                      Defendants. | **COMPLAINT**<br><br>**Docket No.:** 19-cv-05750<br><br>Jury Trial Demanded |

FRANCISCO TAVERAS ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against H & W DELI GROCERY, INC. ("H & W Deli") and PEDRO SANTANA ("Santana"), individually, (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR"), tit. 12, § 142-2.2 and/or 146-1.4; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iv) the minimum wage provisions of the NYLL, NYLL § 652(1), NYCRR tit. 12, § 142-2.1 and/or 146-1.2; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate when their employees' spread of hours worked exceeds ten in a

1

workday, NYLL § 652; 12 NYCRR § 142-2.4 and/or 146-1.6; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a Manhattan grocery store and delicatessen and its owner and day-to-day overseer - - as a stockperson and store clerk from at least 2013 to December 5, 2018. As described below, as is relevant herein, for at least the six-year period pre-dating this action's commencement through his last day of work, ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, during at least the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week, yet Defendants failed to compensate Plaintiff at any rate of pay, much less at the rate of one and one-half times his regular rate of pay for any hours that he worked in excess of forty in a week. Instead, Defendants paid Plaintiff a flat weekly salary that was intended to and operated by law to cover only the first forty hours that he worked in a week.

3. Additionally, Defendants violated the FLSA and the NYLL by failing to compensate Plaintiff at least at the statutorily required minimum wage rate for all hours worked each week during the Relevant Period.

4. Furthermore, in violation of the NYLL, Defendants failed to provide Plaintiff with a spread of hours premium on those days when Plaintiff's shift exceeded ten hours from beginning to end, and also failed to provide Plaintiff with any wage statements on each payday, let alone accurate ones.

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

7. At all times during the Relevant Period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

8. At all times during the Relevant Period, H & W Deli was (and remains) a New York corporation with its principal place of business located at 4740-44 Broadway, New York, New York 10040.

9. At all times during the Relevant Period, Defendant Santana was (and remains) the owner and chief executive officer of H & W Deli. In that role, Defendant Santana personally oversaw the day-to-day operations of H & W Deli and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Santana had and exercised the power to hire and fire and approve all personnel decisions with respect to H & W Deli's employees, and personally made the decision to hire and fire Plaintiff and set his wages and work schedule.

10. At all times during the Relevant Period, each Defendant was an "employer" within the meaning of the FLSA and the NYLL. Additionally, during at least the three-year period pre-

dating this action's commencement, H & W Deli's qualifying annual business exceeded $500,000.00, and H & W Deli was engaged in interstate commerce within the meaning of the FLSA, as it employed two or more employees, accepted payments in cash that naturally moved across state lines, accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, and bought and sold meat, produce, packaged food, and related products that it had received from outside of New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

11. H & W Deli is a grocery and deli store operated and owned by Defendant Santana that is located at 4740-44 Broadway, New York, New York.

12. In December 2002, Defendant Santana, hired Plaintiff to rotate working at two other grocery and deli stores that he owned and operated at the time. In 2013, Santana assigned Plaintiff to work at H & W Deli only as a stockperson and store clerk, in which role his duties entailed restocking and cleaning the store's shelves, cleaning the store, working the register, taking out the trash, and making deliveries.

13. Plaintiff worked exclusively for Defendants at H & W Deli, in that same role, from 2013 until December 5, 2018, on which date Defendant Santana terminated Plaintiff's employment.

14. Throughout at least the Relevant Period, Defendants required Plaintiff to work seven days per week, from approximately 2:00 p.m. until approximately 1:00 a.m. the next morning, without a scheduled or uninterrupted break, totaling approximately seventy-seven hours per week.

15. From at least the beginning of the Relevant Period through December 2017, Defendants paid Plaintiff a weekly salary of $325.00, which was intended to compensate Plaintiff for only his first forty hours of work each week, yielding a regular rate of $8.12 per hour.

16. From about January 2018 until his termination on December 5, 2018, Defendants paid Plaintiff a weekly salary of $350.00, which was intended to compensate Plaintiff for only his first forty hours of work each week, yielding a regular rate of $8.75 per hour.

17. At all times throughout the Relevant Period, Defendants failed to pay Plaintiff at any rate of pay for any hours that Plaintiff worked in a week over forty.

18. For example, during the week of November 5 through November 11, 2018, Defendants required Plaintiff to work, and Plaintiff did work, seventy-seven hours, from approximately 2:00 p.m. until approximately 1:00 a.m. each day, without a scheduled or uninterrupted break on any day. For his work that week, Defendants paid Plaintiff his salary of $350.00, which was intended to cover only his first forty hours of work, and thus Defendants failed to pay Plaintiff at any rate for the hours that Plaintiff worked that week in excess of forty.

19. Furthermore, during the Relevant Period, Plaintiff's spread of hours from the beginning to the end of his shift exceeded ten hours on all seven days each week. However, for those days, such as those in the example week provided in the prior paragraph, Defendants failed to compensate Plaintiff with an additional hour's pay at the statutorily-required minimum wage rate.

20. Defendants paid Plaintiff on a weekly basis in cash.

21. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked for that week, his straight-time rate of pay, or his overtime rate of pay.

22. Each hour that Plaintiff worked was for Defendants' benefit.

23. Defendants acted in the manner described herein so as to minimize their labor costs and overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

26. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

27. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

28. Defendants willfully violated the FLSA.

29. As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

30. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. NYLL § 160 and 12 NYCRR § 142-2.2 and/or NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

34. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the NYLL's and the NYCRR's overtime provisions.

35. As a result, Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

36. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the FLSA*

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 206 prescribes a minimum wage that employers must pay to their employees for each hour worked.

39. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

40. As also described above, Defendants failed to compensate Plaintiff in accordance with the FLSA's minimum wage provisions.

41. Defendants willfully violated the FLSA.

42. At the least, Plaintiff is entitled to pay at the minimum wage rate for all hours worked each week.

43. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages under the NYLL and the NYCRR*

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 652(1) and NYCRR § 142-2.1 and/or NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

46. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

47. As also described above, Defendants failed to compensate Plaintiff in accordance with the NYLL's and the NYCRR's minimum wage provisions.

48. At the least, Plaintiff is entitled to pay at least at the minimum wage rate for all hours worked each week.

49. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 652 and 12 NYCRR § 142-2.4 and/or 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

52. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

53. As also described above, Defendants failed to provide Plaintiff with spread of hours pay on each day when Plaintiff's spread of hours exceeded ten.

54. As a result, Plaintiff is entitled to recover one hour's pay, at the minimum wage rate, for all days during which Plaintiff's spread of hours worked exceeded ten.

55. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violation of the NYLL and the NYCRR's spread of hours requirements.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

58. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

59. As also described above, Defendants failed to furnish Plaintiff on each payday with any wage statements, let alone wage statements accurately containing all of the criteria required under the NYLL.

60. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

61. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

62. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

c. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

d. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

e. Awarding Plaintiff his reasonable attorneys' fees, as well as his costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

      f.      Pre-judgment and post-judgment interest, as provided by law; and

      g.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       June 19, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel.   (516) 248-5550
Fax.   (516) 248-6027

By: _____
MATTHEW J. FARNWORTH (MF 3622)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)